UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

SHONNETT SISCO

    Plaintiff,

   - v. -

GOODWIN PROCTER LLP

    Defendant.

Civil Action No.

04 cv 12564 DPW

## NOTICE OF REMOVAL

MAGISTRATE JUDGE *Alexander*

    Goodwin Procter LLP ("Goodwin") hereby gives notice that, pursuant to 28 U.S.C. §§ 1441 and 1446, it is removing the above-entitled action from the Commonwealth of Massachusetts Superior Court, Suffolk County (Civil Action No. 04-4727-B), to the United States District Court for the District of Massachusetts. The grounds for removal are set forth as follows:

    1.    Goodwin is the defendant in a civil action filed by Shonnett Sisco in the Commonwealth of Massachusetts Superior Court, Suffolk County, captioned *Shonnett Sisco v. Goodwin Procter LLP*, Civil Action No. 04-4727-B (the "Second Action"). The Summons and the Complaint in the Second Action were served on Goodwin on November 17, 2004. This Notice, therefore, is timely filed. *See* 28 U.S.C. § 1446(b).

    2.    On December 3, 2004, the Superior Court consolidated the Second Action with another case previously filed by Ms. Sisco against Goodwin, Civil Action No. 04-2513-E (the "First Action") (collectively, the "Pending Action").

3.    The Pending Action alleges multiple claims surrounding Ms. Sisco's employment with Goodwin. The Pending Action asserts five causes of action against Goodwin, one of which is a claim asserted by Ms. Sisco under Title VII, one of which is a claim under 42 U.S.C. §1981, and one of which is a claim under the Family and Medical Leave Act ("FMLA") (collectively, the "Federal Claims").

4.    The Court has jurisdiction over the Federal Claims pursuant to 28 U.S.C. §1331, and those claims are properly removed pursuant to 28 U.S.C. §§1441(a), (b) and/or (c). The remaining claims are so related to the Federal Claims that they form part of the same case or controversy and are properly removed pursuant to 28 U.S.C. §§1367 and/or 1441(c).

5.    Copies of all process, pleadings and orders received by Defendant in the Pending Action are attached to this Notice as Exhibit A as follows:

(a)    First Action: Civil Action Cover Sheet, Summons, Complaint and Amended Answer;

(b)    Second Action: Civil Action Cover Sheet, Summons, and Complaint.

6.    Upon the filing of this Notice of Removal, Goodwin shall give written notice thereof to Ms. Sisco, who is appearing pro se, and Goodwin shall file copies of said notice and this Notice of Removal with the Court Clerk, Suffolk County Superior Court of the Commonwealth of Massachusetts.

WHEREFORE, Defendant requests that the Pending Action proceed before this Court as an action originally commenced therein.

Respectfully submitted,

GOODWIN PROCTER LLP

By its attorneys,

Jay Shepherd (BBO# 567844)
Stephen B. Reed (BBO# 561949)
Lurleen Manning (BBO# 655109)
Shepherd Law Group, P.C.
99 Summer Street, Suite 910
Boston, MA 02110
(617) 439-4200

Dated: December 7, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on __12/7/04__

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | 04-2513E | Tr... Court of Massachusetts Superior Court Department County: |
|---|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Shonnett Sisco | Goodwin Procter LLP |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| 26 Brookview Street Dorchester MA 02124 617-822-6932 | |

**Origin code and track designation**

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231. s. 97 & 104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E11 | Workers' Compensation | ( ) | (✓) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $
  2. Total Doctor expenses ................................................. $
  3. Total chiropractic expenses .......................................... $
  4. Total physical therapy expenses .................................... $
  5. Total other expenses (describe) ....................................

B. Documented lost wages and compensation to date
C. Documented property damages to date ...............
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe)
                                       $ ...............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                         $ ...............
          TOTAL $ ...............

RECEIVED
JUN 08 2004
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

          TOTAL $ ...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

| Signature of Attorney of Record | X | DATE: 6-8-04 |
|---|---|---|

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|
| A01 | Services, labo and materials | (F) | C01 Land Taking (eminent domain) (F) | | E02 Appeal from Administrative Agency, G L c 30A | (X) |
| A02 | Goods sold and delivered | (F) | C02 Zoning Appeal, G.L.c.40A | (F) | E03 Action against Commonwealth Municipality, G L c 258 | (A) |
| A03 | Commercial Paper | (F) | C03 Dispute concerning title | (F) | E05 All Arbitration | (F) |
| A08 | Sale or lease of real estate | (F) | C04 Foreclosure of Mortgage | (F) | E07 G L c.112,s.12S (Mary Moe) | (F) |
| A12 | Construction Dispute | (A) | C05 Condominium lien & charges | (F) | E08 Appointment of Receiver | (F) |
| A99 | Other (Specify) | (F) | C99 Other (Specify) | (X) | E09 General Contractor bond G L c149,s.29,29a | (A) |
| | TORT | | EQUITABLE REMEDIES | | E11 Workers' Compensation | (X) |
| B03 | Motor Vehicle Negligence- | (F) | D01 Specific performance of contract | (A) | E12 G.L.c.123A,s.12 (SDP Commitment) | (X) |
| | Personal inju y/Property Damage | | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | (X) |
| B04 | Other negligence- | (F) | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G L c.209A | (X) |
| | personal inju y/property damage | | D07 Imposition of Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| B05 | Products Liability | (A) | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act,G.L.c.12,s.11H | (A) |
| B06 | Malpractice-Medical | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B07 | Malpractice-Other (Specify) | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| B08 | Wrongful death,G.L.c.229,s.2A | (A) | D13 Declaratory Judgment G.L.c. 231A | (A) | E25 Pleural Registry (Asbestos cases) | |
| B15 | Defamation (Libel-Slander) | (A) | D99 Other (Specify) | (F) | E95 Forfeiture G.L.c. 94C,s.47 | (F) |
| B19 | Asbestos | (A) | | | E96 Prisoner Cases | (F) |
| B20 | Personal Injury-Slip&Fall | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B21 | Environment al | (F) | | | E99 Other (Specify) | (X) |
| B22 | Employment Discrimination | (F) | | | | |
| B99 | Other (Specify) | (F) | | | | |

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B0 3 | Motor Vehicle Negligence- Personal Injury | (F) | Yes |

## SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. *04-2513 E*

*Shonnett Sisco* , Plaintiff(s)

v.

*Goodwin Procter LLP* , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon *Shonnett Sisco*

plaintiff's attorney, whose address is *24 Brookview St, Dorchester 02124* , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the *10th* day of *June* , in the year of our Lord two thousand *Four* .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.. 1 3rd Rev.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200____.                    _____

**N.B.    TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| , :00 . |
| --- |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No._____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPT.
CIVIL ACTION
DOCKET NO.

04-2513 E

```
************************************
                                   *
SHONNETT SISCO,                    *
                                   *
        Plaintiff,                 *
                                   *
    v.                             *
                                   *
GOODWIN PROCTER, LLP,              *
                                   *
        Defendant.                 *
                                   *
************************************
```

**COMPLAINT**

RECEIVED

JUN 08 2004

SUPERIOR COURT · CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

### Introduction

This is an action for compensatory damages, punitive damages and a judgment in violation of Massachusetts General Laws, Chapter 152, §75B(2). The defendant, Goodwin Procter LLP (the "Company") has discriminated against me in providing workers' compensation benefits. The Company has failed to reimburse the amount of $553.62, which is regarding a work-related claim of 2002. This is in retaliation for exercising rights under the Massachusetts workers' compensation act.

### The Parties

1.      The plaintiff, Shonnett Sisco resides at 26 Brookview Street, Dorchester, Massachusetts in Suffolk County and has been employed with the defendant since November 1998.

2.    The defendant, Goodwin Procter LLP is a law firm with its principle place of business at Exchange Place, Boston, Massachusetts in Suffolk County.

## Jurisdiction and Venue

3.    This Court has jurisdiction under Mass. Gen. L. Ch. 233A §2.

4.    Venue is proper because the alleged unlawful practice occurred in Suffolk County.

## Factual Allegations

5.    On or about November 21, 2001, I signed an agreement, which authorized the Company to withhold a portion of my *earned income* and deposit it into a dependent care account (flexible spending account) for the year 2002.  Pursuant to Mass. Gen. L. Ch. 152, §46 this agreement does not apply to workers' compensation benefits.  Under the Company's Summary Plan Description for the dependent care account (flexible spending account) it states "if you do not use the full balance of your account for a calendar year by such date, the Internal Revenue Code requires that THE UNUSED AMOUNTS BE FORFEITED." (See page 6).  *(Attached as Exhibit A is a copy of the Dependent Care Expense Plan 2002 Enrollment Form and the Summary Plan Description.)*

6.    On or about September 10, 2002 I sustained a work-related injury for carpal tunnel syndrome, which the defendant's insurance company, the Hartford Insurance Company initially contested.  I provided Goodwin with a request to temporarily suspend participation in its Dependent Care Expense Plan during my leave of absence.  During this time I did not have earned income and was ineligible to participate in the plan. *(Attached as Exhibit B is a copy of Employer's First Report of Injury or Fatality and a copy of the memorandum granting temporary participation suspension.)*

2

7.    On or about October 29, 2002, I discovered that the Company made an *alleged* error regarding my workers' compensation benefits for August 2001. After I informed the Company of this incident I was reimbursed $870.35 shortly thereafter. *(Attached as Exhibit C is a copy of the letter, the check issued and two Agreements to Pay Compensation regarding my 2001 workers' compensation claims.)*

8.    On or about October 31, 2002, I requested an internal investigation regarding this incident through the Company's Equal Employment Opportunity Committee (the "EEOC"). I believed this act was intentional and in retaliation for filing a workers' compensation claim. I specifically complained about former benefits administrator, Mary Cuthbert. Ms. Cuthbert handled my August 2001 workers' compensation claim and also played a role regarding my current allegations. Although I presented sufficient evidence regarding my allegations, the request was denied. Robert M. Hale, P.C., whom was a member of the EEOC at the time, informed me that "*it is not apparent that your factual allegations would involve a violation.*" and "*retaliation for filing a workers' compensation claim is not within the scope of the Policy.*" Mr. Hale's latter statement contradicts what is written in the employee manual, and he was not authorized to make this decision according to the policy. During this time Mr. Hale was not the Chair of the EEO Committee. Therefore I asked for reconsideration of his decision. *(Attached as Exhibit D are copies of letters and memorandums regarding an internal investigation and a copy of the defendant's Equal Employment Opportunity Policy from its Employee Manual.)*

9.    On or about November 19, 2002 the Company issued me a short-term disability check for my illness while the Hartford Insurance Company continued to contest the

workers' compensation claim. The check was minus my previously agreed pre-tax deductions. *(Attached as Exhibit E is a copy of the short-term disability check.)*

10.    On about December 3, 2002 I was reminded that the balance of my dependent care account (flexible spending account ($553.62)) would be forfeited, unless I provided the appropriate child care receipts as per the previously signed agreement. *(Attached as Exhibit F is the e-mail regarding the forfeiture.)*

11.    On or about January 9, 2003 I signed an Agreement to Pay Compensation regarding my 2002 workers' compensation claim, which was signed by Judge Purcell on January 30, 2003. The agreement states that the "insurance company would forward the workers' compensation check to the Company to reimburse them for the short-term disability payments of $5,230.89 that were paid." A check was issued to the Company shortly thereafter in the amount of $5,230.89. I received $955.16 for the period of partial incapacity (11-18-02 through 12-8-02). *(Attached as Exhibit G is a copy of the Agreement to Pay Compensation that was signed by Judge Purcell.)*

12.    On or about February 27, 2003 the Payroll Manager, Jean Duguay sent an e-mail to a co-worker regarding clarification of my tax impact regarding deductions. The last paragraph is evidence of inaccuracies regarding the reversal of *all* pre-tax deductions. *(Attached as Exhibit H is a copy of the e-mail.)*

13.    On or about March 16, 2003 the Company informed me that they would not reconsider my request for an internal investigation regarding my allegations of discriminatory treatment in the distribution of my workers' compensation benefits. The Company also failed to monitor its employees regarding my benefits for 2002, which resulted in an additional loss and shows a pattern of harassment that is in retaliation for

participating in workers' compensation proceedings. *(Attached as Exhibit I is a memorandum and e-mail denying my request for reconsideration of an internal investigation.)*

14.    On or about March 17, 2003 the Company entered into a second agreement regarding my workers' compensation pay and the issuance of a revised W-2 ( a W-2c). The attached Exhibit J is the second agreement.  On the last page, which is entitled "Analysis of Reversing Shonnett Sisco's Short Term Disability Payment for 2002" the Company agreed to reverse the pre-taxed deductions of Box 10 and 12 that were associated with the short-term disability check.  This was due to $0 income for the period of total disability (9/10/02 through 11/17/02).  Pursuant to Mass. Gen. L. Ch. 152, §19 (1), this agreement is enforceable in the same manner as an order under section twelve. *(Attached as Exhibit J is the second agreement regarding my workers' compensation claim of 2002.)*  During this period I had pre-tax deductions of $961.50, which were previously deposited into my dependent care account (flexible spending account). *(Attached as Exhibit K are copies of my pay stubs for the period of total disability.)*  The Company reversed the $961.50 from my W-2 regarding the dependent care account (flexible spending account), but failed to make the same change to the actual account which had a balance of $553.62 prior to the forfeiture date of January 31, 2003.  This figure was forfeited by the Company on January 31, 2003, which was the day after the Agreement to Pay Compensation was signed by Judge Purcell. (See Exhibit G).

15.    On or about April 3, 2003 I discovered that a document entitled "siscoworkercomp" was left on the Company's computer system unprotected.  This document shows evidence of the benefits administrator's awareness of the possibility of

having the short-term disability payments reversed. *(Attached as Exhibit L is the email and memo.)*

16.    The Company became aware that I was aggrieved of this loss of workers' compensation benefits during proceedings and correspondence submitted to the Massachusetts Commission Against Discrimination (the "MCAD") in September 2003 and at an appeals hearing in 2004. This relevant information was inadvertently left out when I submitted my position statement to the MCAD. This resulted in a lack of probable cause. The attorney whom handled my workers' compensation claim for 2002, James W. Nagle, P.C., also assisted with the proceedings at the MCAD. Mr. Nagle is a Partner for the defendant and has extensive experience regarding labor and employment law. *(Attached as Exhibit M is proof of the Company's awareness of the alleged and Mr. Nagle's biography.)*

17.    On or about September 25, 2003 I obtained a document that was prepared by the former benefits administrator, which summarized my 2002 dependent care account (flexible spending account). The document is attached hereto as *Exhibit N*. On the attached exhibit, the Year to Date ("YTD") figure is incorrect. The correct YTD amount credited to my account is $3,653.70 as per my W-2c and not $4,061.58 as indicated on the attached sheet. Although I originally elected the Company to withhold $4,999.80 from my salary for 2002, due to my workers' compensation leave of absence $3,653.70 was declared earned income regarding the account. I received $4,061.58 from my account as indicated on the attached sheet. This figure is over the full balance the defendant reported to the IRS by $407.88. This amount ($407.88) when added to the *alleged* forfeiture amount of $553.62 totals $961.50. This amount ($961.50) is the total

6

the defendant agreed to reverse as it was originally placed in my dependent care account (flexible spending account), but was eventually declared workers' compensation, which is not income.

18.    On or about March 4, 2004 I attended an appeals hearing at the MCAD regarding racial discrimination and retaliation. The defendant's Human Resource Director, Julie Hackett attended this hearing, as well as Mr. Nagle. During the hearing I verbally expressed that the defendant illegally retained $553.62 of my workers' compensation benefits that should be returned to me. I also stated that it was against Massachusetts General Laws to retain this amount regarding an agreement that was signed prior to the workers' compensation injury. The defendant is aware of this, but has failed to reimburse the amount owed.

19.    On or about May 10, 2004 I obtained the Internal Revenue Service's (the "IRS'") Publication 1796, Federal Tax Products on CD-ROM from the National Technical Information Service (the "NTIS"). The National Technical Information Service serves as our nation's largest central source for government-sponsored scientific, technical, engineering, and related business information. The IRS defines forfeitures of dependent care accounts (flexible spending accounts) as "**amounts credited to your dependent care benefit account (flexible spending account) and included in the amount shown in box 10 of your W-2, but not received because you did not incur the expense.**" (See Page 10). *(Attached as Exhibit O is an original IRS Publication 503 Child and Dependent Care Expense for 2003 and pages 7, 10 and 11 of Publication 503 Child and Dependent Care Expense for 200 that was printed from the CD-ROM.)* I received the amount the defendant reported to the IRS of $3,653.70. The attached publication also

7

states "your employer **must** give you a Form W-2 (or similar statement), showing in box 10 the *total* amount of dependent care benefits provided to you during the year under a qualified plan." (See Page 10.) I did not forfeit any money regarding the dependent care account (flexible spending account). The amount the defendant retained of $553.62 and did not report to the IRS as a forfeiture or income of my account should be returned as it is workers' compensation. On Page 7 of the attachments, it specifically states that "earned income does not include workers' compensation." *(Attached as Exhibit P is a copy of my last pay stub for 2002, my W-2 and W-2c regarding the above.)*

## Conclusion

20.    I was subjected to unlawful harassment that culminated in a tangible employment action. This was in retaliation for my participation in workers' compensation proceedings, which is protected activity and the company cannot claim an affirmative defense. *See Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998),* and *Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1988).* The defendants have previously investigated and obtained factual knowledge of the *alleged* forfeiture amount set forth above for the MCAD proceedings. The Company knew or should have known that it is against the law to forfeit a portion of my workers' compensation money based on a prior agreement. The defendants were also aware that I was ineligible to contribute money to my dependent care plan as my leave of absence was eventually ruled a non-paid leave. The Company has acted with egregiousness and reckless disregard concerning my loss of compensation. The Company has refused to deal with me in good faith regarding the benefits owed to me and has displayed a pattern of retaliatory harassment for my

participation in workers' compensations proceedings. This resulted in the failure to properly reverse my dependent care account (flexible spending account) or, reimburse the amount owed of $553.62.

21.    According to Mass G. L. Ch. 152, §46, the defendants cannot forfeit my workers' compensation benefits regarding a prior agreement. The Company signed a second agreement, which should be enforced according to Mass. Gen. L. Ch. 152, §19(1). The defendant's refusal to honor this agreement is a breach of contract. Prior to the allegations set forth herein, I complained to the defendant regarding the distribution of benefits. The Company refused to investigate my allegations or monitor its employees regarding the distribution of my compensation. This was also in retaliation for participating in workers' compensation proceedings This is an intentional act and a clear violation of Mass. G. L. Ch. 152, §75B(2).

22.    WHEREFORE, plaintiff demands that the Court grant the following relief:

    a.    Compensatory damages, in an amount to be determined at trial, but in excess of $1,000,000.00;

    b.    Interest;

    c.    Punitive damages, in an amount to be determined at trial but, in excess of $1,000,000.00;

    d.    Costs; and

    e.    Whatever equitable relief the Court deems necessary to protect the rights granted by Mass. Gen. Laws Ch. 152, §75B(2).

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATE 6-8-04

Shonnett Sisco
26 Brookview Street
Dorchester, Massachusetts 02124
(617) 822-6932

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                        SUPERIOR COURT DEPT.

SHONNETT SISCO

                Plaintiff,

        - v.-                                      Civil Action No. 04-2513E

GOODWIN PROCTER LLP

                Defendant.

## AMENDED ANSWER OF GOODWIN PROCTER LLP TO PLAINTIFF'S COMPLAINT

For its answer to plaintiff Shonnett Sisco's ("Plaintiff") Complaint, Goodwin Procter

LLP ("Defendant") states as follows:

### FIRST DEFENSE

Defendant answers each paragraph of the Complaint without waiving, but expressly

reserving, all rights that Defendant may have to seek relief by appropriate motion directed to the

allegations in the Complaint. Defendant answers the allegations set forth in the separately

numbered paragraphs as follows:

### "Introduction"

The first sentence of the Introduction contains only legal averments to which Defendant

need not reply. Defendant denies the remaining allegations in the Introduction.

### "The Parties"

1.      Defendant is without knowledge or information sufficient to form a belief as to

where Plaintiff resides, but admits the remaining allegations in Paragraph 1.

2.      Defendant admits that it is a law firm and that it has an office at Exchange Place, Boston, Massachusetts in Suffolk County. Defendant is without knowledge or information sufficient to answer the averment with respect to the "principle" place of business.

## "Jurisdiction and Venue"

3.      Paragraph 3 contains only legal averments to which Defendant need not reply.

4.      Paragraph 4 contains only legal averments to which Defendant need not reply.

## "Factual Allegations"

5.      Defendant admits that plaintiff signed a document on November 21, 2001 regarding her dependent care account, which is the best evidence of its contents. The second sentence[1] of Paragraph 5 contains only legal averments to which Defendant need not reply. With respect to the remainder of Paragraph 5, Defendant admits that the Goodwin, Procter & Hoar Flexible Benefits Plan Summary Plan Description and a Dependent Care Expense Plan 2002 Enrollment Form signed by the Plaintiff on November 21, 2002 are appended at Tab A of the Complaint and that said documents are the best evidence of their contents. Defendant denies the remaining allegations of this paragraph.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 6. Defendant admits the allegations in the second sentence of Paragraph 6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of Paragraph 6. Defendant admits that a copy of the Employer's First Report of Injury dated September 11, 2002 and a memorandum from Mary Cuthbert to Plaintiff dated October 24, 2002 are appended to the

---

[1] In referring to specific sentences of the Complaint's paragraphs using ordinal numbers ("the third sentence of the paragraph"), Defendant is not counting Plaintiff's parenthetical, italicized sentences.

Complaint at Tab B and states that those documents are the best evidence of their contents. Defendant denies the remaining allegations of this paragraph.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7. Defendant admits that it reimbursed Plaintiff $870.35, less applicable withholdings for the reasons set forth in a November 5, 2002 letter from Julie Hackett to Plaintiff's worker's compensation counsel, a copy of which is appended to the Complaint at Tab C and which is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 7.

8.    Defendant admits that Plaintiff sent Robert Hale a letter dated October 29, 2002 which is appended to the Complaint at Tab D and is the best evidence of its contents. Otherwise, Defendant denies the allegations set forth in the first and third sentences of Paragraph 8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of Paragraph 8, but denies that it discriminated against Plaintiff or retaliated against her in any way. Defendant denies the allegations in the fifth sentence of Paragraph 8. Defendant admits that a November 11, 2002 memorandum from Mr. Hale to Plaintiff is among the documents appended at Tab D and states that it is the best evidence of its contents. Defendant otherwise denies the allegations set forth in the sixth and seventh sentences of Paragraph 8. Defendant admits the allegations in the eighth sentence of Paragraph 8. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the ninth sentence of Paragraph 8.

9.    Defendant admits the allegations in the first sentence of Paragraph 9. Defendant admits that a copy of a November 21, 2002 statement of earnings from Defendant to Plaintiff is

3

attached at Tab E to the Complaint and that the statement of earnings is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 9.

10.    Defendant admits that a December 3, 2002, e-mail from Kristen Fuller to Plaintiff is attached as Tab F to the Complaint and states that the e-mail is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 10.

11.    Defendant admits that a document entitled "Agreement to Pay Compensation" is attached to the Complaint at Tab G and states that that agreement is the best evidence of its contents. Otherwise, Defendant denies the allegations in the first and second sentences of Paragraph 11. Defendant admits the allegations in the third sentence of Paragraph 11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 11.

12.    Defendant admits that an e-mail dated February 27, 2003 from Jean Duguay to Theresa Nott is attached to the Complaint at Tab H and states that the e-mail is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 12.

13.    Defendant admits that a March 16, 2003 e-mail from Mr. Hale to Plaintiff (with an attachment dated January 23, 2003) is attached to the Complaint at Tab I and states that the e-mail and its attachment are the best evidence of their contents. Otherwise, Defendant denies the allegations in Paragraph 13.

14.    Defendant admits that on March 17, 2003 James Nagle wrote a letter to Plaintiff's worker's compensation attorney Thomas Gratzer, which is the best evidence of its contents. Otherwise, Defendant denies the allegations in the first through fourth sentences of Paragraph 14. The fifth sentence of Paragraph 14 contains only legal averments to which Defendant need not reply. Defendant is without knowledge or information sufficient to form a belief regarding

4

the truth of the allegations in the sixth sentence of Paragraph 14 because it does not understand the allegations. Defendant admits that it reversed the $961.50 on her W-2 and that her account had a balance of $553.62 prior to the date on which balances had to be forfeited which was January 31, 2002, but denies the remaining allegations in the seventh sentence of Paragraph 14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth sentence of Paragraph 14 because it does not understand those allegations.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15. Defendant admits that an April 3, 2003 e-mail from Julie Hackett to Plaintiff and a December 18, 2002 memorandum from Ms. Hackett to James Nagle are attached to the Complaint at Tab L and that those documents are the best evidence of their contents. Defendant denies the remaining allegations in Paragraph 15.

16.     Defendant denies the allegations in the first sentence of Paragraph 16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 16, although it denies that the information referenced is relevant. Defendant admits that the MCAD's Lack of Probable Cause ("LOPC") finding with respect to Plaintiff's September 3, 2003 MCAD charge is attached at Tab M to the Complaint and states that the LOPC is the best evidence of its contents. Otherwise, Defendant denies the allegations in the third sentence of Paragraph 16. Defendant admits that James Nagle appeared on behalf of Defendant at the MCAD proceedings, but denies the remaining allegations in the fourth sentence of Paragraph 16. Defendant admits the allegations in the fifth sentence of Paragraph 16. Defendant admits that a document from Defendant's "Attorney Directory" is

5

attached at Tab M to the Complaint and states that that document is the best evidence of its contents.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first or second sentences of Paragraph 17. With respect to the third sentence of Paragraph 17, Defendant admits that a document entitled "Shonnett Sisco Dependent Care Flexible Spending Account Plan Year 2002" is attached at Tab N of the Complaint and states that that document is the best evidence of its contents, but Defendant is without knowledge or information sufficient to state whether the information shown on the document was correct when the document was created. With respect to the fourth sentence of Paragraph 17, Defendant states that Plaintiff's W-2C is the best evidence of its contents and that the W-2C correctly reflects the amount credited to Plaintiff's dependent care account, but Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 17. Defendant admits that Plaintiff originally elected to withhold $4,999.80 from her salary in 2002, but denies the remaining allegations in the fifth sentence of Paragraph 17. Defendant admits that it reimbursed Plaintiff for $4,061.58 in dependent care expenses, but denies the remaining allegations in the sixth sentence of Paragraph 17. Defendant admits that it reimbursed Plaintiff for $407.88 more than was ultimately credited to her dependent care account and that Plaintiff is liable for this difference, but otherwise denies the allegations in the seventh sentence of Paragraph 17. Defendant admits that $407.88 plus $553.62 equals $961.50, but denies that the $553.62 was forfeited and denies that the two amounts should be added together for any purposes relevant to this lawsuit. Defendant denies the allegations in the ninth sentence of Paragraph 17.

6

18.    Defendant admits the allegations in the first two sentences of Paragraph 18. Defendant admits that Plaintiff made allegations about her workers' compensation benefits that were not relevant to her MCAD proceedings and which Defendant did not understand. Defendant further states that Defendant invited her to bring any concerns about her workers' compensation benefits directly to the Firm, which Plaintiff declined to do. Defendant otherwise denies the allegations in Paragraph 18.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth, fifth and eighth sentences of Paragraph 19. Defendant admits that a document entitled "Publication 503 Child and Dependent Care Expenses" is attached at Tab O to the Complaint and states that that document is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 19 because Defendant does not understand the allegations. Defendant denies the allegations in the seventh sentence of Paragraph 19.

### "Conclusion"

20.    Defendant denies the allegations in Paragraph 20.

21.    The allegation in the first sentence of Paragraph 21 contains only legal averments to which Defendant need not reply. With respect to the second sentence of Paragraph 21, Defendant admits that Mr. Nagle wrote a letter to Mr. Gratzer on March 17, 2003 which is the best evidence of its contents, but denies that it was a "second" agreement. Defendant states that the remainder of the allegations in the second sentence contain only legal averments to which Defendant need not reply. Defendant denies the remaining allegations in Paragraph 21.

7

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff has not been damaged in the sums or the manner alleged, or in any sum or manner, at all.

## FOURTH DEFENSE

Defendant has at all times acted in good faith in attempting to handle properly any payroll benefits or taxation issues regarding the Plaintiff.

## FIFTH DEFENSE

Any obligations Defendant may have to Plaintiff are more than offset by the obligations she has to the Defendant with respect to the payroll issues raised in this action.

GOODWIN PROCTER LLP

By its attorneys,

Jay Shepherd (BBO# 567844)
Lurleen Manning (BBO# 655109)
Shepherd Law Group, P.C.
99 Summer Street, Suite 910
Boston, MA 02110
Telephone (617) 439-4200
Fax (617) 439-4207

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 7-21-04.

Dated: July 21, 2004

8

LIBB/1263363.1

| CIVIL ACTION COVER SHEET | 04-4727 — B | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

**PLAINTIFF(S)** Shonnett Sisco

**DEFENDANT(S)** Goodwin Procter LLP

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
24 Brookview Street
Dorchester, MA 02124
617-822-6932

ATTORNEY (if known)

Board of Bar Overseers number:

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)     TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B22 | Employment Discrimination (F) | (✓) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......................................................... $ 0
2. Total Doctor expenses .......................................................... $ 0
3. Total chiropractic expenses .................................................. $ 0
4. Total physical therapy expenses ........................................... $ 0
5. Total other expenses (describe) .................................. Subtotal $ 553.62

B. Documented lost wages and compensation to date ......................... $ 0
C. Documented property damages to date ........................................ $ 0
D. Reasonably anticipated future medical and hospital expenses ......... $ 0
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe) ....................... $ 0

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

I was subjected to a racially motivated hostile work environment that is in retaliation for complaining and participating in State and federal proceedings.

TOTAL $ 553.62

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT  04-2513E, Shonnett Sisco vs. Goodwin Procter LLP, Suffolk

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

X Signature of Attorney of Record _____ X DATE: 10/28/04

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### CONTRACT

| | | |
|---|---|---|
| A01 | Services,labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence- | (F) |
| B04 | Personal injury/Property Damage Other negligence- | (F) |
| B05 | personal injury/property damage Products Liability | (A) |
| B06 | Malpractice -Medical | (A) |
| B07 | Malpractice -Other (Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal injury-Slip&Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

### REAL PROPERTY

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien &charges | (X) |
| C99 | Other (Specify) | (X) |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency,G.L.c.30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L.c.258 | (A) |
| E05 | All Arbitration | (?) |
| E07 | G.L.c.112,s.12S (Mary Moe) | (?) |
| E08 | Appointment of Receiver | (?) |
| E09 | General Contractor bond G.L.c149,s.29,29a | (A) |
| E11 | Workers' Compensation | (X) |
| E12 | G.L.c.123A,s.12 (SDP Commitment) | (X) |
| E14 | G.L.c. 123A, s. 9 (SDP Petition) | (X) |
| E15 | Abuse Petition, G L c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act,G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture G.L.c. 94C,s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | Yes |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

# Commonwealth of Massachusetts

SUFFOLK . ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

04-4727

No.

_Shonnett Sisco_ , Plaintiff(s)

v.

_Goodwin Procter LLP_ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Shonnett Sisco_

plaintiff's attorney, whose address is _26 Brookview St Dorchester MA 02124_ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ Barbara J. Rouse, Esquire, at Boston, the _____ day of
_November_ , in the year of our Lord two thousand _four_ .

_Michael Joseph Donovan_

Clerk/Magistrate

A true copy Attest:

_11/17/04_ Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPT.
CIVIL ACTION
DOCKET NO. **04 - 4727 - /3**

```
************************************
                                   *
SHONNETT SISCO,                    *
                                   *
          Plaintiff,               *
                                   *
     v.                            *
                                   *                    **COMPLAINT**
                                   *
GOODWIN PROCTER, LLP,              *
                                   *
          Defendant.               *
                                   *
************************************
```

*SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2004 OCT 29 P 3:5
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE*

### Introduction

This is an action for compensation, damages, punitive damages and a judgment in

violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law.

151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615

(a)(1). The defendant, Goodwin Procter LLP (the "Company") has refused to reimburse

the amount of $553.62, which is alleged as follows:

### The Parties

1.    The plaintiff, Shonnett Sisco resides at 26 Brookview Street, Dorchester,

Massachusetts in Suffolk County and has been employed with the defendant since

November 1998.

2.    The defendant, Goodwin Procter LLP is a law firm with its principle place of

business at Exchange Place, Boston, Massachusetts in Suffolk County.

### Jurisdiction and Venue

3.    This Court has jurisdiction under Mass. Gen. L. Ch. 233A §2.

4.    Venue is proper because the alleged unlawful practice occurred in Suffolk County.

### Factual Allegations

5.    On or about November 21, 2001, I signed an agreement that authorized the Company to withhold a portion of my *earned income* and deposit it into a dependent care account (flexible spending account) for the year 2002.

6.    On or about September 10, 2002 I sustained an injury for carpal tunnel syndrome, that required a FMLA leave of absence.

7.    On or about October 29, 2002, I discovered that the Company made an *alleged* error regarding my workers' compensation benefits for the previous year (August 2001). After I informed the Company of this incident I was reimbursed $870.35 shortly thereafter. This "alleged" error was made because of my race, which is black. My birth certificate is attached as Exhibit A. It is also in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

8.    On or about October 31, 2002, I requested an internal investigation regarding my discovery of October 29, 2002 through the Company's Equal Employment Opportunity Committee. My request was denied shortly thereafter and I asked for reconsideration of this decision. This decision was in retaliation for complaining and because of my race.

9.    On or about November 20, 2002 I asked Mary Cuthbert to cancel my deductions for my dependent care account for the remainder of the year 2002, but several deductions were made after my request. *(See Exhibit F)*. The e-mail is attached as Exhibit B. Prior

2

to this incident, I complained to the Company regarding Ms. Cuthbert, but my complaints were ignored. My request was ignored because of my race and in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5).

10.    On or about November 21, 2002 the Company issued me a short-term disability check for my illness while the Hartford Insurance Company continued to contest the workers' compensation claim. The check, which is attached as Exhibit C, was minus my previously agreed pre-tax deductions.

11.    On about December 3, 2002 I was reminded that the balance of my dependent care account (flexible spending account ($1,570.72)) would be forfeited, unless I provided the appropriate child care receipts as per the previously signed agreement. The e-mail is attached as Exhibit D.

12.    On or about December 27, 2002 after disputing a deduction of one days' pay, I was informed of an "alleged" mistake regarding my sick days. The e-mail is attached as Exhibit E. This "alleged" mistake is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

13.    On or about December 27, 2002 I received a pay check that showed the total amounts that I deposited to and received from my dependent care account, which is attached as Exhibit F.

14.    On or about December 31, 2002 I submitted a claim form for my dependent care account for $632.50, which is attached as Exhibit G. This submission left a balance in my dependent care account of $553.62.

15.    On or about January 9, 2003 I signed an Agreement to Pay Compensation

3

regarding my 2002 workers' compensation claim, which was signed by Judge Purcell on January 30, 2003.

16.    On or about February 27, 2003 the Payroll Manager, Jean Duguay sent an e-mail to a co-worker regarding clarification of my tax impact regarding deductions, which is attached as Exhibit H. The last paragraph is evidence of inaccuracies regarding the reversal of *all* pre-tax deductions.

17.    On or about March 16, 2003 the Company informed me that they would not reconsider my request for an internal investigation regarding my allegations of racial discrimination of the distribution of my workers' compensation benefits. The memorandum is attached as Exhibit I. This is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

18.    On or about March 17, 2003 the Company entered into another agreement regarding my workers' compensation pay and the issuance of a revised W-2 ( a W-2c), which is attached as Exhibit J. On the last page, which is entitled "Analysis of Reversing Shonnett Sisco's Short Term Disability Payment for 2002" the Company agreed to *reverse the pre-taxed deductions* of Box 10 and 12 that were associated with the short-term disability check. During the disability period I had pre-tax deductions of $961.50, which were previously deposited into my dependent care account (flexible spending account). The change was reflected on my W-2c, which is attached as Exhibit K regarding the dependent care account (flexible spending account), but failed to make the same change to the actual account which had a balance of $553.62 prior to the forfeiture date of January 31, 2003. This is retaliatory racial harassment in violation of Title VII of

4

the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5);

Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

19.     The Company became aware that I was aggrieved of this loss of

compensation/benefit during proceedings and correspondence submitted to the Equal

Employment Opportunity Commission (the "EEOC") and the Massachusetts Commission

Against Discrimination (the "MCAD") in September 2003 and at a meeting in 2004. The

attorney whom handled my workers' compensation claim for 2002, James W. Nagle,

P.C., also assisted with the proceedings at the EEOC and MCAD. Mr. Nagle is a Partner

for the defendant and has extensive experience regarding labor and employment law. The

failure to investigate and resolve this issue is racial harassment that is in retaliation for

participating in state and federal proceedings. It is in violation of Title VII of the Civil

Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family

Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

20.     On or about September 25, 2003 I obtained a document that summarized my 2002

dependent care account (flexible spending account). The document is attached hereto as

Exhibit L. On the attached exhibit, the Year to Date ("YTD") figure is incorrect. The

correct YTD amount credited to my account is $3,653.70 as per my W-2c and not

$4,061.58 as indicated on the attached sheet. Although I originally elected the Company

to withhold $4,999.80 from my salary for 2002, due to my workers' compensation leave

of absence $3,653.70 was declared earned income regarding the account. I received

$4,061.58 from my account as indicated on the attached sheet. This figure is over the full

balance the defendant reported to the IRS by $407.88. This amount ($407.88) when

added to the *alleged* forfeiture amount of $553.62 totals $961.50. The same amount

5

($961.50) is the total the defendant agreed to reverse, as it was originally placed in my dependent care account (flexible spending account) and eventually declared workers' compensation, which is not income.

21.    On or about December 17, 2003 I received an e-mail regarding another "alleged" error of my pay, which is attached hereto as Exhibit M. In my response, I specifically requested that care be given to ensure that this ongoing problem ceased. This is racial harassment that is in retaliation for complaining, which is violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

22.    On or about March 4, 2004 I attended a hearing regarding my EEOC and MCAD complaints of racial discrimination and retaliation. The defendant's former Human Resource Director, Julie Hackett attended this hearing, as well as Mr. Nagle. During the meeting I verbally expressed that the defendant illegally retained $553.62 of my compensation that should be returned to me. The refusal to resolve the matter is in racial harassment that is retaliatory for participating in state and federal proceedings. It is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

23.    On July 31, 2004 I received letters from the EEOC granting the right to sue, which is attached as Exhibit N.

24.    The IRS defines forfeitures of dependent care accounts (flexible spending accounts) as "*amounts credited to your dependent care benefit account (flexible spending account) and included in the amount shown in box 10 of your W-2, but not received*

6

*because you did not incur the expense.*" As per their definition of forfeiture, I didn't incur a loss regarding my account. I received the amount the defendant reported to the IRS of $3,653.70. My year-end pay stub is attached as Exhibit F. The IRS also states "your employer **must** give you a Form W-2 (or similar statement), showing in box 10 the *total* amount of dependent care benefits provided to you during the year under a qualified plan and it specifically states that earned income does not include workers' compensation.

## Conclusion

25.    I was subjected to adverse treatment and a hostile work environment, which was ongoing. Therefore the continued violation theory should be applied regarding this matter. It was retaliatory and because of my race, which resulted in a tangible employment action (loss of $553.62). I received less favorable treatment than a similarly situated employee (Andrea Riahi), whom is white. This is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1). The Company cannot claim an affirmative defense, as this action was at the hands of alter ego employees. *See Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998)*, and *Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1988)*. The defendants should've previously investigated and obtained factual knowledge of the *alleged* forfeiture amount set forth above for the EEOC and MCAD proceedings. The Company knew or should have known that it is against the law to forfeit a portion of my workers' compensation money based on a prior agreement (See Mass. Gen. L. ch. 152 §46. The Company has acted with egregiousness and reckless disregard concerning my loss of $553.62. The Company has refused to deal with me in good faith and has displayed a pattern of retaliatory racial harassment for my

participation in the EEOC and MCAD proceedings and because of my race. This resulted in the failure to properly reverse my dependent care account (flexible spending account) or, reimburse the amount owed of $553.62. Thus creating a hostile work environment.

26.    The Company signed an agreement, which should be enforced according to Mass. Gen. L. Ch. 152, §19(1). The defendant's refusal to honor this agreement is a breach of contract. Prior to the allegations set forth herein, I complained to the defendant regarding the distribution of benefits. The Company refused to investigate my allegations of racial discrimination, or monitor its employees regarding the distribution of benefits and compensation. This resulted in a second incident and created a racially motivated, hostile work environment, as I was subjected to discrimination in the terms and conditions of employment. This is an intentional act and a clear violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

27.    As a result of the Company's failure to act, I have suffered a loss of compensation, loss of enjoyment of my life, loss of sleep and a hostile work environment, which was racially motivated.

8

28.   **WHEREFORE,** plaintiff demands a trial by Jury and that the Court grant the following relief in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1):

      a.    Compensation in the amount of $553.62;

      b.    Interest;

      c.    Punitive damages, in an amount to be determined at trial but, in excess of $275,000.00;

      d.    Costs; and

      e.    Whatever equitable relief the Court deems necessary to protect the rights granted by Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1)..

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATE 10/29/04

Shonnett Sisco – PRO SE
26 Brookview Street
Dorchester, Massachusetts 02124
(617) 822-6932

9

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SHONNETT SISCO

**DEFENDANTS**

GOODWIN PROCTER LLP

(b) County of Residence of First Listed Plaintiff    SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    SUFFOLK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

JAY SHEPHERD,

(c) Attorney's (Firm Name, Address, and Telephone Number)

PRO SE

04 cv 12564

Attorney's (If Known) STEPHEN B. REED, LURLEEN
SHEPHERD LAW GROUP, P.C.
99 SUMMER STREET, SUITE 910
BOSTON, MA 02110    (617) 439-4220

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Injury Product Liability Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
Plaintiff has filed discrimination action in state court alleging violations of 42 USC s. 1981; 42 USC s. 2000e (Title VII); and the Family and Medical Leave Act with respect to her employment by Defendant.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  12/7/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) _Shonnett Sisco v. Goodwin Procter LLP_

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___  V.     150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES      (NO)

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                              YES      (NO)

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES      NO

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES      (NO)

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                              (YES)     NO

    A.  If yes, in which division do all of the non-governmental parties reside?

        (Eastern Division)        Central Division        Western Division

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division          Central Division        Western Division

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                              YES      (NO)

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _Stephen B. Reed, Shepherd Law Group, P.C._

ADDRESS _99 Summer Street, Suite 910, Boston, MA 02110_

TELEPHONE NO. _(617) 439-4200_

(Coversheetlocal.wpd - 10/17/02)