UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHONNETT SISCO<br><br>Plaintiff,<br><br>- v.-<br><br>GOODWIN PROCTER LLP<br><br>Defendant. | Civil Action No. 04-12564-DPW |

## ANSWER OF GOODWIN PROCTER LLP TO PLAINTIFF'S COMPLAINT

For its answer to plaintiff Shonnett Sisco's ("Plaintiff") Complaint, Goodwin Procter LLP ("Defendant") states as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motion directed to the allegations in the Complaint. Defendant answers the allegations set forth in the separately numbered paragraphs as follows:

### "Introduction"

The first sentence of the Introduction contains only legal averments to which Defendant need not reply. Defendant denies the remaining allegations in the Introduction.

### "The Parties"

1. Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff resides, but admits the remaining allegations in Paragraph 1.

LIBB/1300890.1

2. Defendant admits that it is a law firm and that it has an office at Exchange Place, Boston, Massachusetts in Suffolk County. Defendant is without knowledge or information sufficient to answer the averment with respect to the "principle" place of business.

### "Jurisdiction and Venue"

3. Paragraph 3 contains only legal averments to which Defendant need not reply.

4. Paragraph 4 contains only legal averments to which Defendant need not reply.

### "Factual Allegations"

5. Defendant admits that Plaintiff signed a document on November 21, 2001 regarding her dependent care account which is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7. Defendant admits that it reimbursed Plaintiff $870.35, less applicable withholdings, for the reasons set forth in a November 5, 2002 letter from Julie Hackett to Plaintiff's worker's compensation counsel, a copy of which is appended to Civil Action No. 04-2513-E (the "First Complaint") at Tab C and is the best evidence of its contents. Defendant denies the allegations in the third and fifth sentences of Paragraph 7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence of Paragraph 7.

8. Defendant admits that Plaintiff sent Robert Hale a letter dated October 29, 2002, which is appended to the First Complaint at Tab D and is the best evidence of its contents. Otherwise, Defendant denies the allegations set forth in the first and third sentences of Paragraph

8. With respect to the second sentence of Paragraph 8, Defendant states that Mr. Hale's November 11, 2002 response to Ms. Sisco's October 29, 2002 letter is appended to the First Complaint at Tab D and is the best evidence of its contents. Further, Defendant states that Plaintiff's November 18, 2002 response to Mr. Hale's November 11, 2002 letter is also appended to the First Complaint at Tab D and is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits that Plaintiff sent Ms. Cuthbert an email on November 20, 2002 which is appended to the complaint at Tab B and is the best evidence of its contents. Defendant admits that a December 27, 2002 statement of earnings with handwritten notes on it is appended to the Complaint at Tab F and states that it is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 9.

10. Defendant admits the allegations in the first sentence of Paragraph 10. Defendant admits that a copy of a November 21, 2002 statement of earnings from Defendant to Plaintiff with handwritten notes on it is attached at Tab C to the Complaint and that the statement of earnings is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that a December 3, 2002 e-mail from Kristen Fuller to Plaintiff is attached at Tab D to the Complaint and states that the e-mail is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that a December 27, 2002 e-mail from Julie Hackett to Plaintiff is attached at Tab E to the Complaint and states that the e-mail is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 12.

13. Defendant admits that a December 27, 2002 statement of earnings from Defendant to Plaintiff with handwritten notes on it is attached at Tab F to the Complaint and that the statement of earnings is the best evidence of its contents. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. Defendant admits that a form entitled "Flexible Spending Account Program 2002 Dependent Care Reimbursement Request" is attached at Tab G to the Complaint and that the form is the best evidence of its contents. Defendant admits the allegations in the last sentence of Paragraph 14.

15. Defendant admits that a document entitled "Agreement to Pay Compensation" is attached to the First Complaint at Tab G and states that that agreement is the best evidence of its contents. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Defendant admits that an e-mail dated February 27, 2003 from Jean Duguay to Theresa Nott is attached to the Complaint at Tab H and states that the e-mail is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that a March 16, 2003 e-mail from Mr. Hale to Plaintiff (with an attachment dated January 24, 2003) is attached to the Complaint at Tab I and states that the e-mail and its attachment are the best evidence of their contents. Otherwise, Defendant denies the allegations in Paragraph 17.

18. Defendant admits that on March 17, 2003 James Nagle wrote a letter to Plaintiff's worker's compensation attorney Thomas Gratzer that is the best evidence of its contents. Otherwise, Defendant denies the allegations in the first and second sentences of Paragraph 18. Defendant is without knowledge or information sufficient to form a belief regarding the truth of

the allegations in the third sentence of Paragraph 18 because it does not understand the allegations. Defendant admits that it reversed the $961.50 on Plaintiff's W-2 and that Plaintiff's dependant care account had a balance of $553.62 prior to the date on which balances had to be forfeited, which was January 31, 2002, but denies the remaining allegations in the fourth sentence of Paragraph 18. Defendant denies the remaining allegations in Paragraph 18.

19.    Defendant denies the allegations in the first sentence of Paragraph 19. Defendant admits that James Nagle appeared on behalf of Defendant at the MCAD proceedings, but denies the remaining allegations in the second sentence of Paragraph 19. Defendant admits the allegations in the third sentence of Paragraph 19. Defendant denies the remaining allegations in Paragraph 19.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first or second sentences of Paragraph 20. With respect to the third sentence of Paragraph 20, Defendant admits that a document entitled "Shonnett Sisco Dependent Care Flexible Spending Account Plan Year 2002" is attached at Tab L of the Complaint and states that that document is the best evidence of its contents. Defendant is without knowledge or information sufficient to state whether the information shown on the document was correct when the document was created. With respect to the fourth sentence of Paragraph 20, Defendant states that Plaintiff's W-2C is the best evidence of its contents and that the W-2C correctly reflects the amount credited to Plaintiff's dependent care account, but Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 20. Defendant admits that Plaintiff originally elected to withhold $4,999.80 from her salary in 2002, but denies the remaining allegations in the fifth sentence of Paragraph 20. Defendant admits that it reimbursed Plaintiff for $4,061.58 in

dependent care expenses, but denies the remaining allegations in the sixth sentence of Paragraph 20. Defendant admits that it reimbursed Plaintiff for $407.88 more than was ultimately credited to her dependent care account and that Plaintiff is liable for this difference, but otherwise denies the allegations in the seventh sentence of Paragraph 20. Defendant admits that $407.88 plus $553.62 equals $961.50, but denies that the $553.62 was forfeited and denies that the two amounts should be added together for any purposes relevant to this lawsuit. Defendant denies the allegations in the ninth sentence of Paragraph 20.

21. Defendant admits that an e-mail string between Julie Hackett and Plaintiff dated December 17, 2003 is attached at Tab M of the Complaint and states that that document is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant admits the allegations in the first two sentences of Paragraph 22. Defendant admits that Plaintiff made allegations about her workers' compensation benefits that were not relevant to her MCAD proceedings and that Defendant did not understand. Defendant further states that Defendant invited her to bring any concerns about her workers' compensation benefits directly to the Firm, which Plaintiff declined to do. Defendant otherwise denies the allegations in Paragraph 22.

23. Defendant admits that a document entitled "Dismissal and Notice of Rights" is attached at Tab N of the Complaint and states that that document is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third and fifth sentences of Paragraph 24. Defendant denies the allegations in the second sentence of Paragraph 24. Defendant admits that a

LIBB/1300890.1

December 27, 2002 statement of earnings with handwritten notes on it is attached at Tab F to the Complaint and states that that document is the best evidence of its contents.

### "Conclusion"

25. Defendant denies the allegations in Paragraph 25.

26. The allegation in the first sentence of Paragraph 26 contains only legal averments to which Defendant need not reply. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff has not been damaged in the sums or the manner alleged, or in any sum or manner, at all.

### FOURTH DEFENSE

Defendant has at all times acted in good faith in attempting to handle properly any payroll benefits or taxation issues regarding the Plaintiff.

Respectfully submitted,

GOODWIN PROCTER LLP

By its attorneys,

Jay Shepherd (BBO# 567844)
Stephen B. Reed (BBO# 561949)
Lurleen Manning (BBO# 655109)
Shepherd Law Group, P.C.
99 Summer Street, Suite 910
Boston, MA 02110
(617) 439-4200

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 12-14-04.

Dated: December 14, 2004

7

LIBB/1300890.1