COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT DEPT.
                                               CIVIL ACTION
                                               DOCKET NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SHONNETT SISCO,                         *
                                        *
            Plaintiff,                  *
                                        *
      v.                                *
                                        *     **COMPLAINT**
GOODWIN PROCTER, LLP,                   *
                                        *
            Defendant.                  *
                                        *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Introduction

This is an action for compensation, damages, punitive damages and a judgment in

violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law.

151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615

(a)(1).  The defendant, Goodwin Procter LLP  (the "Company") has refused to reimburse

the amount of $553.62, which is alleged as follows:

## The Parties

1.      The plaintiff, Shonnett Sisco resides at 26 Brookview Street, Dorchester,

Massachusetts in Suffolk County and has been employed with the defendant since

November 1998.

2.      The defendant, Goodwin Procter LLP is a law firm with its principle place of

business at Exchange Place, Boston, Massachusetts in Suffolk County.

## Jurisdiction and Venue

3.      This Court has jurisdiction under Mass. Gen. L. Ch. 233A §2.

4.      Venue is proper because the alleged unlawful practice occurred in Suffolk County.

## Factual Allegations

5.      On or about November 21, 2001, I signed an agreement that authorized the Company to withhold a portion of my *earned income* and deposit it into a dependent care account (flexible spending account) for the year 2002.

6.      On or about September 10, 2002 I sustained an injury for carpal tunnel syndrome, that required a FMLA leave of absence.

7.      On or about October 29, 2002, I discovered that the Company made an *alleged* error regarding my workers' compensation benefits for the previous year (August 2001). After I informed the Company of this incident I was reimbursed $870.35 shortly thereafter. This "alleged" error was made because of my race, which is black. My birth certificate is attached as Exhibit A. It is also in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

8.      On or about October 31, 2002, I requested an internal investigation regarding my discovery of October 29, 2002 through the Company's Equal Employment Opportunity Committee. My request was denied shortly thereafter and I asked for reconsideration of this decision. This decision was in retaliation for complaining and because of my race.

9.      On or about November 20, 2002 I asked Mary Cuthbert to cancel my deductions for my dependent care account for the remainder of the year 2002, but several deductions were made after my request. (*See Exhibit F*). The e-mail is attached as Exhibit B. Prior

to this incident. I complained to the Company regarding Ms. Cuthbert, but my complaints were ignored. My request was ignored because of my race and in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5).

10.    On or about November 21, 2002 the Company issued me a short-term disability check for my illness while the Hartford Insurance Company continued to contest the workers' compensation claim. The check, which is attached as Exhibit C, was minus my previously agreed pre-tax deductions.

11.    On about December 3, 2002 I was reminded that the balance of my dependent care account (flexible spending account ($1,570.72)) would be forfeited, unless I provided the appropriate child care receipts as per the previously signed agreement. The e-mail is attached as Exhibit D.

12.    On or about December 27, 2002 after disputing a deduction of one days' pay, I was informed of an "alleged" mistake regarding my sick days. The e-mail is attached as Exhibit E. This "alleged" mistake is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

13.    On or about December 27, 2002 I received a pay check that showed the total amounts that I deposited to and received from my dependent care account, which is attached as Exhibit F.

14.    On or about December 31, 2002 I submitted a claim form for my dependent care account for $632.50, which is attached as Exhibit G. This submission left a balance in my dependent care account of $553.62.

15.    On or about January 9, 2003 I signed an Agreement to Pay Compensation

3

regarding my 2002 workers' compensation claim, which was signed by Judge Purcell on January 30, 2003.

16.    On or about February 27, 2003 the Payroll Manager, Jean Duguay sent an e-mail to a co-worker regarding clarification of my tax impact regarding deductions, which is attached as Exhibit H. The last paragraph is evidence of inaccuracies regarding the reversal of *all* pre-tax deductions.

17.    On or about March 16, 2003 the Company informed me that they would not reconsider my request for an internal investigation regarding my allegations of racial discrimination of the distribution of my workers' compensation benefits. The memorandum is attached as Exhibit I. This is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

18.    On or about March 17, 2003 the Company entered into another agreement regarding my workers' compensation pay and the issuance of a revised W-2 ( a W-2c), which is attached as Exhibit J. On the last page, which is entitled "Analysis of Reversing Shonnett Sisco's Short Term Disability Payment for 2002" the Company agreed to *reverse the pre-taxed deductions* of Box 10 and 12 that were associated with the short-term disability check. During the disability period I had pre-tax deductions of $961.50, which were previously deposited into my dependent care account (flexible spending account). The change was reflected on my W-2c, which is attached as Exhibit K regarding the dependent care account (flexible spending account), but failed to make the same change to the actual account which had a balance of $553.62 prior to the forfeiture date of January 31, 2003. This is retaliatory racial harassment in violation of Title VII of

4

the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

19.    The Company became aware that I was aggrieved of this loss of compensation/benefit during proceedings and correspondence submitted to the Equal Employment Opportunity Commission (the "EEOC") and the Massachusetts Commission Against Discrimination (the "MCAD") in September 2003 and at a meeting in 2004. The attorney whom handled my workers' compensation claim for 2002, James W. Nagle, P.C., also assisted with the proceedings at the EEOC and MCAD. Mr. Nagle is a Partner for the defendant and has extensive experience regarding labor and employment law. The failure to investigate and resolve this issue is racial harassment that is in retaliation for participating in state and federal proceedings. It is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

20.    On or about September 25, 2003 I obtained a document that summarized my 2002 dependent care account (flexible spending account). The document is attached hereto as Exhibit L. On the attached exhibit, the Year to Date ("YTD") figure is incorrect. The correct YTD amount credited to my account is $3,653.70 as per my W-2c and not $4,061.58 as indicated on the attached sheet. Although I originally elected the Company to withhold $4,999.80 from my salary for 2002, due to my workers' compensation leave of absence $3,653.70 was declared earned income regarding the account. I received $4,061.58 from my account as indicated on the attached sheet. This figure is over the full balance the defendant reported to the IRS by $407.88. This amount ($407.88) when added to the *alleged* forfeiture amount of $553.62 totals $961.50. The same amount

5

($961.50) is the total the defendant agreed to reverse, as it was originally placed in my dependent care account (flexible spending account) and eventually declared workers' compensation, which is not income.

21.    On or about December 17, 2003 I received an e-mail regarding another "alleged" error of my pay, which is attached hereto as Exhibit M.  In my response, I specifically requested that care be given to ensure that this ongoing problem ceased.  This is racial harassment that is in retaliation for complaining, which is violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

22.    On or about March 4, 2004 I attended a hearing regarding my EEOC and MCAD complaints of racial discrimination and retaliation.  The defendant's former Human Resource Director, Julie Hackett attended this hearing, as well as Mr. Nagle.  During the meeting I verbally expressed that the defendant illegally retained $553.62 of my compensation that should be returned to me.  The refusal to resolve the matter is in racial harassment that is retaliatory for participating in state and federal proceedings.  It is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

23.    On July 31, 2004 I received letters from the EEOC granting the right to sue, which is attached as Exhibit N.

24.    The IRS defines forfeitures of dependent care accounts (flexible spending accounts) as "*amounts credited to your dependent care benefit account (flexible spending account) and included in the amount shown in box 10 of your W-2, but not received*

6

*because you did not incur the expense.*" As per their definition of forfeiture, I didn't incur a loss regarding my account. I received the amount the defendant reported to the IRS of $3,653.70. My year-end pay stub is attached as Exhibit F. The IRS also states "your employer **must** give you a Form W-2 (or similar statement), showing in box 10 the *total* amount of dependent care benefits provided to you during the year under a qualified plan and it specifically states that earned income does not include workers' compensation.

### Conclusion

25.    I was subjected to adverse treatment and a hostile work environment, which was ongoing. Therefore the continued violation theory should be applied regarding this matter. It was retaliatory and because of my race, which resulted in a tangible employment action (loss of $553.62). I received less favorable treatment than a similarly situated employee (Andrea Riahi), whom is white. This is in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1). The Company cannot claim an affirmative defense, as this action was at the hands of alter ego employees. *See Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998)*, and *Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1988)*. The defendants should've previously investigated and obtained factual knowledge of the *alleged* forfeiture amount set forth above for the EEOC and MCAD proceedings. The Company knew or should have known that it is against the law to forfeit a portion of my workers' compensation money based on a prior agreement (See Mass. Gen. L. ch. 152 §46. The Company has acted with egregiousness and reckless disregard concerning my loss of $553.62. The Company has refused to deal with me in good faith and has displayed a pattern of retaliatory racial harassment for my

7

participation in the EEOC and MCAD proceedings and because of my race. This resulted in the failure to properly reverse my dependent care account (flexible spending account) or, reimburse the amount owed of $553.62. Thus creating a hostile work environment.

26.    The Company signed an agreement, which should be enforced according to Mass. Gen. L. Ch. 152, §19(1). The defendant's refusal to honor this agreement is a breach of contract. Prior to the allegations set forth herein, I complained to the defendant regarding the distribution of benefits. The Company refused to investigate my allegations of racial discrimination, or monitor its employees regarding the distribution of benefits and compensation. This resulted in a second incident and created a racially motivated, hostile work environment, as I was subjected to discrimination in the terms and conditions of employment. This is an intentional act and a clear violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1).

27.    As a result of the Company's failure to act, I have suffered a loss of compensation, loss of enjoyment of my life, loss of sleep and a hostile work environment, which was racially motivated.

28.    **WHEREFORE,** plaintiff demands a trial by Jury and that the Court grant the following relief in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1):

    a.    Compensation in the amount of $553.62;

    b.    Interest;

    c.    Punitive damages, in an amount to be determined at trial but, in excess of $275,000.00;

    d.    Costs; and

    e.    Whatever equitable relief the Court deems necessary to protect the rights granted by Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981; Mass.Gen.Law. 151B §§4 ¶1, 4(4), 4(5); Family Medical and Leave Act 29 U.S.C. §1(1) 2601; 2615 (a)(1)..

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATE 10/29/04

Shonnett Sisco – PRO SE
26 Brookview Street
Dorchester, Massachusetts 02124
(617) 822-6932

I HEREBY ATTEST AND CERTIFY ON
DEC. 14, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

9

Reg. 7

A



# REGISTRY DIVISION, CITY OF BOSTON

COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS, UNITED STATES OF AMERICA

Certificate No. 062803

## CERTIFIED COPY OF RECORD OF BIRTH IN OFFICE OF THE CITY REGISTRAR

II

I, the undersigned, hereby certify that I hold the office of ............................................ City Registrar of the City of Boston, and have the custody of the Records of Births, Marriages and Deaths required by law to be kept in said City; and I certify that the following facts appear on said Records:

**No. 14354**    **Date of Birth**, August 9, 1964    **Name of Child** Shennett Sisco

| Sex | Color | Place of Birth | Occupation of Parent | Name, Surname and Birthplace of Father | Residence of Parents | Name and Address of Informant | Name, Maiden Name and Birthplace of Mother |
|---|---|---|---|---|---|---|---|
| Female | W | Boston Ma. | Machinist | Oliver Sisco Philadelphia Pa. | Boston Ma. | J Sacchetto Ma | Alverta Green Chester Pa. |

**Date of Record** August 19, 1964

I further certify that by annexation, the Records of the following-named cities and towns are in the custody of the City Registrar of Boston:—

| ANNEXED | | | ANNEXED | |
|---|---|---|---|---|
| East Boston | 1637 | | Charlestown | } 1874 |
| South Boston | 1804 | | Brighton | |
| Roxbury | 1868 | | West Roxbury | |
| Dorchester | 1870 | | Hyde Park | 1912 |

Date of amendment: _____

WITNESS my hand and the SEAL of the CITY REGISTRAR

on this _____ day of OCT 2 5 2001 A.D.

Judith A. McCarthy ............................ City Registrar

By Chapter 314 of the Acts of 1892, "the certificates or attestations of either Assistant City Registrar shall have the same force and effect as that of the City Registrar."

$\mathcal{B}$

## Cuthbert, Mary V

**From:** Sisco, Shonnett
**Sent:** Wednesday, November 20, 2002 11:27 AM
**To:** Cuthbert, Mary V
**Subject:** Dependent Care Expense Account

Mary,

As per our conversation today, please cancel my dependent care expense account effective November 18, 2002. I will submit a new form for 2003. Also, may I have a copy of the payroll information that we went over today. Thank you for your assistance.

GOODWIN | PROCTER LLP

Exchange Place
Boston, MA 02109

| | |
|---|---|
| CHECK NO. | 2837 |
| CHECK DATE: | 11/21/2002 |
| PERIOD ENDING: | 11/21/2002 |
| PAY FREQUENCY: | Bi-weekly |

Sisco, Shonnett
81 Fuller Street

Dorchester, MA 02124

ID NUMBER: 05205
BASE RATE: 1,776.92
SSN: 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

| STATUS | EXEMPT |
|---|---|
| FED: Single | 12 |
| ST1: H | 6 |
| ST2: | |

TAX ADJUSTMENTS
FED:                    ST:
DI/UC:
LOCAL:

STATE AND LOCAL CODES
PRI: MA    LOC1:        LOC3:
SEC:          LOC2:        LOC4:
                                        LOC5:

## IMPORTANT MESSAGE

## HOURS AND EARNINGS

| DESCRIPTION | HOURS/UNITS | EARNINGS |
|---|---|---|
| | | CURRENT |
| STD | 245.0 | 4,796.82 |
| SICK | -7.0 | -177.66 |
| VACATION | -20.16 | -511.66 |

TOTAL H/E        217.84        4,107.50

## PRE-TAX ITEMS

| | |
|---|---|
| 401K | -410.75 |
| DELTA DENTAL | -45.17 |
| BXPPO | -115.70 |
| HLTHCR EXP | -104.60 |
| DEP CARE | -769.20 |

+769.20

TOTAL PRE-TAX        -1,445.42

## TAXES AND DEDUCTIONS

| DESCRIPTION | AMOUNT |
|---|---|
| | CURRENT |
| SOC SEC | 190.52 |
| MEDICARE | 44.56 |
| FED INC | 181.43 |
| PRI-STATE | 120.50 |

+181.43

TOTAL        537.01

### AFTER-TAX DEDUCTIONS

| | |
|---|---|
| VOLUNTARYLIFE | 8.68 |
| DEP CARE REIM | -387.50 |
| LOAN1 | 284.24 |

11/27 check

TOTAL PER DED        -94.58

## SPECIAL INFORMATION

2030.49

| | EARNINGS | PRETAX | FIT TAXABLE | LESS TAXES | LESS DEDS | EQ NET PAY |
|---|---|---|---|---|---|---|
| TOTAL | 2,662.09 | | | | | |
| CURRENT | 4,107.50 | -1,445.42 | 2,662.08 | 537.01 | -94.58 | 2,219.65 |

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

GOODWIN | PROCTER LLP
Exchange Place
Boston, MA 02109

5-7017/2110

◇ CITIZENS BANK
Massachusetts

DOC NO

2837
11/21/2002

PAY        TWO THOUSAND TWO HUNDRED NINETEEN AND 65/100 DOLLARS . . . . . . . . . .

$**********2,219.65

TO THE
ORDER OF

Sisco, Shonnett
81 Fuller Street

Dorchester, MA 02124

AUTHORIZED SIGNATURE

⑆002837⑆ ⑈211070175⑈ 11078 2320 7⑈

**Sisco, Shonnett**

| | |
|---|---|
| **From:** | Fuller, Kristen A |
| **Sent:** | Tuesday, December 03, 2002 3:27 PM |
| **To:** | Sisco, Shonnett |
| **Subject:** | Dependent Care Flexible Spending Account Balance Statement |

Flexible Spending Accounts
Statement of Account Balance as of
December 1, 2002

The following is a status of your Dependent Care Flexible Spending Account as of
December 1, 2002, (this includes all expenses you submitted as of this date):

**Dependent Care Reimbursement Plan**

| | |
|---|---|
| Annual Election: | $4999.80 |
| YTD Deductions: | $4422.90 |
| YTD Reimbursements: | $3429.08 |
| YTD Expenses Submitted: | $3429.08 |
| Expenses to be Submitted: | $1570.72 |
| Balance in Account: | $1570.72 |

Expenses up to your Annual Election for 2002 must be submitted before January 31, 2003, in order to be reimbursed.
**Any balance remaining the account after January 31, 2003, will be forfeited.**

If you have any questions, please do not hesitate to contact Mary Cuthbert at extension 8303.

Thank you.

1

**Sisco, Shonnett**

E

| From: | Hackett, Julie A |
|---|---|
| Sent: | Friday, December 27, 2002 4:35 PM |
| To: | Sisco, Shonnett |

**C2C AOneService Folder Entry ID:**
000000001A447390AA6611CD9BC800AA002FC45A03005CD838DB2056A5468FC4DD429
D9626C0000002FFE9D30000

**C2C AOneService Message Entry ID:**
000000001A447390AA6611CD9BC800AA002FC45A09005CD838DB2056A5468FC4DD429
D9626C0000002FFE9D300005CD838DB2056A5468FC4DD429D9626C0000003001814000
0

**C2C AOneService Message Store ID:**
0000000038A1BB1005E5101AA1BB08002B2A56C20000454D534D44422E444C4C0000000
0000000001C830210AA6611CD9BC800AA002FC45A0B000000424F534D5347303300

Hi Shonnett,
I have recently reviewed your attendance record for 2002.  We recorded your absence from
work on February 25, April 19, May 2, May 24, July 2 and July 3.  Therefore, when you were
absent on August 12, we did not pay you as we believed that you had exceeded the 6 days
allowed under our policy.
We have researched this and discovered that May 2 was erroneously recorded as a sick day.
I had a check prepared, and stopped by Jan Mitchell's desk to give the check to you.  As
you were not around, I have forwarded the check to your floater mailbox.
If you have any questions, please give me a call at x1550.
Thank you.

F

**GOODWIN PROCTER LLP**
EXCHANGE PLACE
BOSTON, MA 02109

CHECK NO:      032842
CHECK DATE:    12/27/02
PERIOD ENDING: 12/28/02
PAY FREQUENCY: BIWEEKLY

SHONNETT SISCO
81 FULLER STREET
DORCHESTER, MA 02124

ID NUMBER: 1010105205
BASE RATE:    1776.92
SSN: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

STATUS / EXEMPT
FED: SINGLE / 12
ST1: HEAD / 06
ST2:

TAX ADJUSTMENTS
FED:                ST:
DI/UC:
LOCAL:

STATE AND LOCAL CODES
PRI: MA  LOC1:      LOC3:
SEC:     LOC2:      LOC4:
                    LOC5:

**IMPORTANT MESSAGE**

REMINDER!  IF YOU ARE A FULL TIME EMPLOYEE DID YOU SELECT YOUR ADVANCE OPTION? OVERTIME SLIPS FOR ALL EMPLOYEES MUST BE UP-TO-DATE BY THE LAST PAYROLL IN NOVEMBER

| HOURS AND EARNINGS | | | | | TAXES AND DEDUCTIONS | | | SPECIAL INFORMATION | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | CURRENT HOURS/UNITS | EARNINGS | Y-T-D HOURS/UNITS | EARNINGS | DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT | | |
| REGULAR | | 1776.92 | 1365.00 | 36597.11 | SO SEC TAX | 96.02 | 2103.51 | TO-DATE 401K PLAN | 4341.89- |
| STD | | | 245.00 | 4796.82 | MEDICARE TAX | 22.46 | 491.95 | TO-DATE DELTA DENTAL | 594.29- |
| VACATION | | | 20.16- | 511.66- | FED INC TAX | | 832.0 | | |
| SICK | | | 7.00- | 177.66- | PRI-STATE TAX | 53.00 | 1008.04 | | |
| ANNUAL BONUS | | | | 800.00 | | | | TO-DATE HLTHCR EXP | 679.90- |
| IT ON CALL | | | | 100.00 | | | | TO-DATE LOAN1 | 1253.04 |
| T&B INCENTIVE | | | | 75.00 | | | | | |
| | | | | | TOTAL TAXES | 171.48 | 4435.51 | | |
| | | | | | AFTER-TAX DEDUCTIONS | | | | |
| | | | | | DEP CARE-REIM | 310.00- | | | |
| | | | | | VOLUNTARYLIFE | 2.17 | 56.42 | | |
| | | | | | LOAN1 | 71.06 | 1253.04 | | |
| | | | | | HLTHCR REIMB | | 488.54- | | |
| | | | | | PERS PURCHASE | | 20.52 | | |
| TOTAL H/E | | 1776.92 | 1582.84 | 41679.61 | | | | | |
| PRE-TAX ITEMS | | | | | | | | | |
| 401K PLAN | | 177.69- | | 4341.89- | | | | | |
| PRTX BL CR EL | | 63.50- | | 1512.70- | | | | | |
| DELTA DENTAL | | 24.96- | | 594.29- | | | | | |
| DPCAR | | 96.15- | | 4615.20- | | | | | |
| HLTHCR EXP | | 26.15- | | 679.90- | | | | | |
| PTX MBTA | | 17.50- | | 350.00 | | | | | |
| TOTAL PRE-TAX | | 405.95- | | 12093.98- | | | | | |

4,615.20
- 3,429.08
_____
1,186.12
-  632.50 Ex.G
_____
$ 553.62

| | GROSS | EARNS FRM DED | TAXABLE WAGES | LESS TAXES | LESS DEDS | EQ NET PAY |
|---|---|---|---|---|---|---|
| TOTAL | 1370.97 | 1582.84 | 29585.63 | TOTAL PER DED | 236.77- | 2587.64 |
| CURRENT | 1776.92 | 405.95- | 1370.97 | 171.48 | 236.77- | 1436.28 |
| Y-T-D | 41679.61 | 12093.98- | 29585.63 | 4435.51 | 2587.64- | 27737.78 |

Statement Of Earnings    Detach at perforation below and keep for your records.    A Payroll Service by Ceridian

FLEXIBLE SPENDING ACCOUNT PROGRAM

2002 DEPENDENT CARE REIMBURSEMENT REQUEST

*G*

*(Please Print Clearly)*

Sisco                    Jonnett                         05205
Last Name                First Name                      Employee ID #

010 58 4527
Social Security #        Extension #

☑ Biweekly   ☐ Monthly
Your Pay Frequency (Check one)

| Dependent(s) | Date(s) of Service | $ Amount |
|---|---|---|
| William March | 8/19/02 – 9/4/02 | 232.50 |
| William March | week! 12-2-02 | 100.00 |
| William March | 12-9-02 + 12-16-02 | 150.00 |
| William March | 12-23-02 + 12-30-02 | 150.00 |
| | | |
| | | |
| | | |
| | | |
| | | |

**Total Submitted:**   $632.50

I understand the Firm requires me to provide substantial evidence of the dependent care expenses for which I request reimbursement and that I am responsible for accurately identifying the dependent(s) that qualify for, and expenses that qualify as, dependent care expenses under the provisions of the Internal Revenue Code.

I agree to hold the Firm harmless if the Internal Revenue Service challenges the nature of the payments made under the Plan and agree to pay any additional taxes, interest and penalties that may be assessed concerning such payments. I will reimburse the Firm for my portion of any additional taxes that may be owed on my behalf should the Internal Revenue Service successfully challenge the characterization of the payments under the plan.

I, the undersigned, hereby attest that the above dependent care expenses have not been reimbursed, and are not reimbursable under any other plan.

12/31/02
Date

_____
Signed

## Sisco, Shonnett

H

| | |
|---|---|
| **From:** | Nott, Theresa A |
| **Sent:** | Thursday, February 27, 2003 9:33 PM |
| **To:** | Duguay, Jean P |
| **Cc:** | O'Brien, Suzanne |
| **Subject:** | RE: Shonnet Sisco |

Jean,

I do not even remember the spreadsheet - please see me in the morning so we can review. Where are we on this?

-----Original Message-----
**From:** Duguay, Jean P
**Sent:** Thursday, February 27, 2003 6:03 PM
**To:** Nott, Theresa A
**Cc:** O'Brien, Suzanne
**Subject:** Shonnet Sisco

Need to clarify some information on your spreadsheet summary regarding Shonnet's tax impact.

In the 'Summary' section, you have:
*Effect on Taxable wages is net of impacts of pre-tax deductions being reversed due to $0 wages. This will reflect the actual reduction in W2 Box 1 Wages. Box 10 and 12 will reflect reversal of pre-tax deductions.*

Box 10 is dependent care deduction. If we reverse the $961.50 in this box, we will also impact boxes 3 and 5 - Social Security wages and Medicare wages.

Additionally, refunding the remaining pre-tax deductions also impact Social Security and Medicare wages, but do not appear in box 12. This information is only captured as part of the total in box 1, 3, and 5.

Am I misunderstanding your spreadsheet?

Jean Duguay
Goodwin|Procter LLP
Phone - 617/570-1455
Fax - 617/523-1231
email - jduguay@goodwinprocter.com

8/14/2003

**Sisco, Shonnett**

| | |
|---|---|
| **From:** | Hale, Robert M |
| **Sent:** | Sunday, March 16, 2003 10:22 AM |
| **To:** | Sisco, Shonnett |
| **Subject:** | Confidential |

Shonnett:
I sent you a memorandum on January 24, 2003 by interoffice mail in a confidential envelope. Since your e-mail states that you have not received it, an electronic copy of what I sent is attached to this e-mail.
Rob Hale



Memo Sisco.DOC

-----Original Message-----

| | |
|---|---|
| **From:** | Sisco, Shonnett |
| **Sent:** | Friday, March 14, 2003 3:12 PM |
| **To:** | Hale, Robert M |
| **Subject:** | Factual Review of Alleged Policy Violations |

In November 2002, you denied my request to provide a factual review of alleged policy violations regarding my salary deduction of August 2001. Shortly thereafter, I asked you to reconsider your denial and was informed that a decision would be made after you received a response from Julie Hackett. I am aware that Julie sent a copy of her response to you on January 6, 2003, but I have not received a response.

The explanation that Julie provided to me is an attempt to hide the discriminatory conduct of her staff. At the time of the deduction I was protected from retaliatory treatment based on my opposition of what I believed to be illegal activities which occurred in November 2000. During this time I received several harassing telephone calls from the benefits administrator. It was because of our prior conversations that she decided to deduct the amount from my salary. This action would violate the Firm's policy, if it were true. I am aware of the Firm's policy to suspend/limit an internal investigation when an employee has filed a complaint to an outside agency. I've assumed from your lack of response that you have declined my request, but I decided to contact you to confirm my opinion.

1

# C O N F I D E N T I A L      M E M O R A N D U M

| | |
|---|---|
| **To** | Shonnett Sisco |
| **From** | Robert M. Hale, P.C. |
| **Re** | Your Request for Reconsideration |
| **Date** | January 24, 2003 |

As you know, in an October 29, 2002 letter to me, you made an allegation of race discrimination and retaliation. I treated your letter as an allegation of a violation of the firm's Policy Against Discrimination, Harassment and Offensive Conduct Based on Legally Protected Status (the "Policy"). I also understood your letter to request a review under the Policy's procedures for a "Factual Review of Alleged Policy Violations." I further assumed that because you had directed the letter to me, I should take the role of the EEO Chair for purposes of this matter.

As explained in my November 11, 2002 memorandum to you, it was not apparent from your factual allegations that, even if true, the circumstances would involve a violation of the Policy. Based on that conclusion, I did not undertake a full review of the circumstances.

You responded by requesting reconsideration of my decision not to conduct a factual investigation. Based on the fact that you also informed the Director of Human Resources, Julie Hackett, of your allegations, I responded by stating that I would give consideration to your request once I had an opportunity to review any response from Ms. Hackett concerning your allegations.

I have now reviewed Ms. Hackett's January 6, 2003 memorandum to you. That memorandum speaks for itself in addressing your allegations. It further confirms my conclusion that your allegations would not support a finding that race or a retaliatory motive played any role in the firm's actions with respect to the matters that you raised. If there are facts that suggest that actions prohibited under the Policy nevertheless motivated the firm's actions, I would proceed to the next step under the "Factual Review" procedures. To this point, you have not presented facts that would warrant doing so.

RMH:mmk

LIBB/1160843.1

GOODWIN | PROCTER

James W. Nagle, P.C.
617.570.1233
jnagle@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

March 17, 2003

Thomas R. Gratzer, Esq.
Belezos & Gratzer
760 Adams St., Suite Three
Dorchester MA  02122

Re:    **Shonnett Sisco**

Dear Tom:

I am writing as counsel to Goodwin Procter LLP (the "Firm") to confirm our understanding regarding the short-term disability payments that the Firm advanced to Shonnett Sisco ("Ms. Sisco") and the worker's compensation payments that The Hartford Insurance Group ("Hartford") has now paid to the Firm.

As you know, the Firm advanced Ms. Sisco $5,986.14 in short-term disability benefits while her worker's compensation claim was pending. Of that amount, the Firm contributed $492.02 to her 401(k) account with Fidelity. Because Ms. Sisco has now been found eligible for worker's compensation benefits by Hartford in an agreement that has been approved by the Division of Industrial Accidents ("DIA"), she is obligated to repay the short-term disability amounts that the Firm advanced.

This letter confirms that Ms. Sisco has effectively repaid those amounts by: (1) allowing the Firm to reverse the $492.03 contribution that it made to her 401(k) account; and (2) authorizing the Firm to accept the $5,230.89 worker's compensation payment from Hartford consistent with the DIA agreement. These payments result in a slight overpayment of the short-term disability amount advanced by the Firm and, as a result, the Firm is tendering Ms. Sisco a check in the amount of $3.77.

I am also enclosing a revised W-2 for Ms. Sisco that reflects the adjustments described above as well as a reconciliation sheet that details the mathematics.

GOODWIN | PROCTER

Thomas R. Gratzer, Esq.
March 17, 2003
Page 2

By signing this letter on behalf of the Firm, I confirm that Ms. Sisco has repaid the Firm the short-term disability amounts that were advanced to her. By counter-signing the letter, you confirm that the manner by which the repayment was accomplished is acceptable to Ms. Sisco and that this letter accurately reflects the agreement that we have reached.

Very truly yours,

*[signature]*

James W. Nagle, P.C.

JWN:jc

I acknowledge and agree on behalf of Shonnett Sisco that she has agreed to repay the short-term disability payments that were advanced to her in the manner described above in this letter agreement.

*[signature]*

Thomas R. Gratzer, Esq.
Attorney for Shonnett Sisco

# Analysis of Reversing Shonnett Sisco's Short Term Disability payment for 2002

## Total Disability Due

| | | |
|---|---|---|
| 4 weeks at full pay | $3,553.84 | |
| 4 weeks at 60% pay | $2,132.30 | |
| Total | $5,686.14 | |

## How Disability Was Paid

| | | |
|---|---|---|
| Check date 8/23/02 and 9/20/02 | $989.32 | 5 days of Paid Worker's Comp at 100%( 888.43 per monarch) |
| | | 3 weeks full pay, 4 weeks at 60% |
| Check date 11/21/02 | $4,796.82 | Check dated 8/23/02, $177.69 (7 hours), check dated 9/20/02, $710.77 (28 hours) |

( 888.46 )

## Summary

By reversing payroll transactions associated with the $5686.14 STD payment, the following will occur:

| | | |
|---|---|---|
| | Total | $5,686.14 |
| Less 401k adjustment (see below) | | -$492.02 |
| Sisco owes | Net | $5,194.12 |

( 5,685.28 )
( 499.60 ) (E)
( 5,185.68 )

### Taxable wages reported for 2002 are reduced by    $3,826.60

1,858.66

Effect on Taxable wages is net of impacts of pre-tax deductions being reversed due to $9 wages.
This will reflect the actual reduction in W2  Box 1 Wages.  Box 10 and 12 will reflect reversal of pre-tax deductions.

### 401k contributions are reduced by    $492.02

Fidelity account to be adjusted. This money was paid by Sisco so
settlement should be reduced by $492.02. The firm will still receive
the $5686.14, $5,194.12 from Sisco and $492.02 from Fidelity

Taxes withheld from  original paychecks are on deposit with appropriate authorities  will be reconciled with 2002 tax filing.

| | |
|---|---|
| SS | $225.50 |
| Medicare | $52.75 |
| FIT | $181.43 |
| State | $124.79 |

$45.21 + $8.44

499.60 (E) Roth
90.13 (E) Med
179.20 (E) Rep Ca
961.50 (E) Health
130.75 (E) Commute
17.50 (E) Pass

K

**a** Tax year/Form corrected
2002 / W-2

OMB No. 1545-0008    FAST! Use    *e-file*    Visit the IRS Web Site at www.irs.gov.

☐ Corrected name (if applicable, also complete box h)

**b** Employee's name, address, and ZIP code

SHONNETT SISCO
81 DRUMILLER STREET
DORCHESTER, MA 02124

**c** Employer's name, address, and ZIP code

GOODWIN PROCTER LLP
EXCHANGE PLACE, 24TH FLOOR
BOSTON, MA 02109

**d** Employee's correct SSN
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

**e** Employer's Federal EIN
04-1378465

**f** Employee's state ID number

**g** Employee's incorrect SSN

**h** Employee's name (if incorrectly shown on previous form)

| Previously reported | Correct information | Previously reported | Correct information |
|---|---|---|---|
| 1 Wages, tips, other compensation<br>29745.52 | 1 Wages, tips, other compensation<br>25918.92 | 2 Federal income tax withheld | 2 Federal income tax withheld |
| 3 Social security wages<br>34105.16 | 3 Social security wages<br>30278.58 | 4 Social security tax withheld | 4 Social security tax withheld |
| 5 Medicare wages and tips<br>34105.16 | 5 Medicare wages and tips<br>30278.58 | 6 Medicare tax withheld | 6 Medicare tax withheld |
| 7 Social security tips | 7 Social security tips | 8 Allocated tips | 8 Allocated tips |
| 10 Dependent care<br>4615.20 | 10 Dependent care<br>3653.20 | | |
| 12 D-401K<br>4359.66 | 12 D-401K<br>3860.06 | | |
| 16 State wages, tips, etc.<br>30095.52 | 16 State wages, tips, etc.<br>26268.92 | | |

Form **W-2c** (Rev. 12-2001)

**Corrected Wage and Tax Statement**

Copy C—For EMPLOYEE'S RECORDS

Department of the Treasury
Internal Revenue Service

Shomett Sisco

Dependent Care Flexible Spending Account

Annual Election: $4,999.80

Biweekly (26) Payroll Deduction: $192.30

Plan Year 2002

| 2002 | Deductions | Expenses | Reimbursements | Forward Balance | YTD Deductions | YTD Expenses | YTD Reimbursement | Annual Election |
|---|---|---|---|---|---|---|---|---|
| January | 384.60 | | | 384.60 | 384.60 | | | 4,999.80 |
| February | 384.60 | | | 769.20 | 769.20 | | | |
| March | 384.60 | | | 1,153.80 | 1,153.80 | | | |
| April | 384.60 | 930.00 | 930.00 | 608.40 | 1,538.40 | 930.00 | 930.00 | |
| May | 576.90 | 387.50 | 387.50 | 797.80 | 2,115.30 | 1,317.50 | 1,317.50 | |
| June | 384.60 | | | 1,182.40 | 2,499.90 | 1,317.50 | 1,317.50 | |
| July | 384.60 | 824.00 | 824.00 | 743.00 | 2,884.50 | 2,141.50 | 2,141.50 | |
| August | 384.60 | 333.00 | 333.00 | 794.60 | 3,269.10 | 2,474.50 | 2,474.50 | |
| September | 384.60 | | | 1,179.20 | 3,653.70 | 2,474.50 | 2,474.50 | |
| October | 384.60 | 257.08 | 257.08 | 1,306.72 | 4,038.30 | 2,731.58 | 2,731.58 | |
| November | 384.60 | 387.50 | 387.50 | 1,303.82 | 4,422.90 | 3,119.08 | 3,119.08 | |
| December | 192.30 | 310.00 | 310.00 | 1,186.12 | 4,615.20 | 3,429.08 | 3,429.08 Stopped partici |
| **2003** | | | | | | | | |
| January | | | | | 4,615.20 | 3,429.08 | | |
| February | | 632.50 | 632.50 | 553.62 | | 4,061.58 | | 553.62 Forfeiture |

**Sisco, Shonnett**

| | |
|---|---|
| **From:** | Hackett, Julie A |
| **Sent:** | Wednesday, December 17, 2003 2:01 PM |
| **To:** | Sisco, Shonnett |
| **Subject:** | Re: T Pass Deductions |

Hi Shonnett,

Hang is on vacation this week, so I can't check with her today, but will be certain to do so on Monday when she returns.

Thanks.



-----Original Message-----
From: Sisco, Shonnett <SSisco@goodwinprocter.com>
To: Hackett, Julie A <JHackett@goodwinprocter.com>
Sent: Wed Dec 17 13:55:15 2003
Subject: T Pass Deductions

Hi Julie,

    I received a voice message from Hang yesterday informing me of a problem with my T Pass deductions.  I received deductions for a subway pass that was pre-taxed and a combo pass, which was deducted after taxes.  Not only has this been Hang's responsibility for several years, but it's not customary to withhold deductions for T Passes after taxes. Therefore I don't understand how this happened.  Over the past two years I've had too many "alleged" errors regarding my compensation, which has created a hostile working environment.

    Please make a point to exercise reasonable care to prevent future harassment and/or "alleged" mistakes as It's causing me a great deal of stress and interfering with my work performance.  Thank you.

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

N

| To: Shonnett Sisco<br>26 Brrokview St.<br>Boston, MA 02124 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-02049 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Robert L. Sanders,
Director

JUL 3 0 2004

*(Date Mailed)*

Enclosure(s)

cc:  **GOODWIN PROCTOR LLP**
Exchange Place
Boston, MA 02109

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Shonnett Sisco<br>26 Brookview Street<br>Boston, MA 02124 | From:  Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|

|  | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 1601.7(a)) |  |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-02528 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_[signature]_

Robert L. Sanders,
Director

JUL 3 0 2004

(Date Mailed)

Enclosure(s)

cc:  GOODWIN PROCTOR,LLP
53 Exchange Place
Boston, MA 02109

COMMONWEALTH OF MASSACHUSETTS

4.

SUFFOLK, ss                                  SUPERIOR COURT DEPT.

SHONNETT SISCO

      Plaintiff,

    - v.-                                  Civil Action No. 04-2513E

GOODWIN PROCTER LLP

      Defendant.

## ANSWER OF GOODWIN PROCTER LLP TO PLAINTIFF'S COMPLAINT

For its answer to plaintiff Shonnett Sisco's ("Plaintiff") Complaint, Goodwin Procter LLP ("Defendant") states as follows:

### FIRST DEFENSE

Defendant answers each paragraph of the Complaint without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motion directed to the allegations in the Complaint. Defendant answers the allegations set forth in the separately numbered paragraphs as follows:

### "Introduction"

The first sentence of the Introduction contains only legal averments to which Defendant need not reply. Defendant denies the remaining allegations in the Introduction.

### "The Parties"

1.    Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff resides, but admits the remaining allegations in Paragraph 1.

LIBB/1263363.1

2.      Defendant admits that it is a law firm and that it has an office at Exchange Place, Boston, Massachusetts in Suffolk County. Defendant is without knowledge or information sufficient to answer the averment with respect to the "principle" place of business.

### "Jurisdiction and Venue"

3.      Paragraph 3 contains only legal averments to which Defendant need not reply.

4.      Paragraph 4 contains only legal averments to which Defendant need not reply.

### "Factual Allegations"

5.      Defendant admits that plaintiff signed a document on November 21, 2001 regarding her dependent care account, which is the best evidence of its contents. The second sentence[1] of Paragraph 5 contains only legal averments to which Defendant need not reply. With respect to the remainder of Paragraph 5, Defendant admits that the Goodwin, Procter & Hoar Flexible Benefits Plan Summary Plan Description and a Dependent Care Expense Plan 2002 Enrollment Form signed by the Plaintiff on November 21, 2002 are appended at Tab A of the Complaint and that said documents are the best evidence of their contents. Defendant denies the remaining allegations of this paragraph.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 6. Defendant admits the allegations in the second sentence of Paragraph 6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of Paragraph 6. Defendant admits that a copy of the Employer's First Report of Injury dated September 11, 2002 and a memorandum from Mary Cuthbert to Plaintiff dated October 24, 2002 are appended to the

---

[1] In referring to specific sentences of the Complaint's paragraphs using ordinal numbers ("the third sentence of the paragraph"), Defendant is not counting Plaintiff's parenthetical, italicized sentences.

Complaint at Tab B and states that those documents are the best evidence of their contents. Defendant denies the remaining allegations of this paragraph.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7. Defendant admits that it reimbursed Plaintiff $870.35, less applicable withholdings for the reasons set forth in a November 5, 2002 letter from Julie Hackett to Plaintiff's worker's compensation counsel, a copy of which is appended to the Complaint at Tab C and which is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 7.

8.      Defendant admits that Plaintiff sent Robert Hale a letter dated October 29, 2002 which is appended to the Complaint at Tab D and is the best evidence of its contents. Otherwise, Defendant denies the allegations set forth in the first and third sentences of Paragraph 8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of Paragraph 8, but denies that it discriminated against Plaintiff or retaliated against her in any way. Defendant denies the allegations in the fifth sentence of Paragraph 8. Defendant admits that a November 11, 2002 memorandum from Mr. Hale to Plaintiff is among the documents appended at Tab D and states that it is the best evidence of its contents. Defendant otherwise denies the allegations set forth in the sixth and seventh sentences of Paragraph 8. Defendant admits the allegations in the eighth sentence of Paragraph 8. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the ninth sentence of Paragraph 8.

9.      Defendant admits the allegations in the first sentence of Paragraph 9. Defendant admits that a copy of a November 21, 2002 statement of earnings from Defendant to Plaintiff is

attached at Tab E to the Complaint and that the statement of earnings is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 9.

10.     Defendant admits that a December 3, 2002, e-mail from Kristen Fuller to Plaintiff is attached as Tab F to the Complaint and states that the e-mail is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 10.

11.     Defendant admits that a document entitled "Agreement to Pay Compensation" is attached to the Complaint at Tab G and states that that agreement is the best evidence of its contents. Otherwise, Defendant denies the allegations in the first and second sentences of Paragraph 11. Defendant admits the allegations in the third sentence of Paragraph 11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 11.

12.     Defendant admits that an e-mail dated February 27, 2003 from Jean Duguay to Theresa Nott is attached to the Complaint at Tab H and states that the e-mail is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 12.

13.     Defendant admits that a March 16, 2003 e-mail from Mr. Hale to Plaintiff (with an attachment dated January 23, 2003) is attached to the Complaint at Tab I and states that the e-mail and its attachment are the best evidence of their contents. Otherwise, Defendant denies the allegations in Paragraph 13.

14.     Defendant admits that on March 17, 2003 James Nagle wrote a letter to Plaintiff's worker's compensation attorney Thomas Gratzer, which is the best evidence of its contents. Otherwise, Defendant denies the allegations in the first through fourth sentences of Paragraph 14. The fifth sentence of Paragraph 14 contains only legal averments to which Defendant need not reply. Defendant is without knowledge or information sufficient to form a belief regarding

4

the truth of the allegations in the sixth sentence of Paragraph 14 because it does not understand the allegations. Defendant admits that it reversed the $961.50 on her W-2 and that her account had a balance of $553.62 prior to the date on which balances had to be forfeited which was January 31, 2002, but denies the remaining allegations in the seventh sentence of Paragraph 14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth sentence of Paragraph 14 because it does not understand those allegations.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15. Defendant admits that an April 3, 2003 e-mail from Julie Hackett to Plaintiff and a December 18, 2002 memorandum from Ms. Hackett to James Nagle are attached to the Complaint at Tab L and that those documents are the best evidence of their contents. Defendant denies the remaining allegations in Paragraph 15.

16.     Defendant denies the allegations in the first sentence of Paragraph 16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 16, although it denies that the information referenced is relevant. Defendant admits that the MCAD's Lack of Probable Cause ("LOPC") finding with respect to Plaintiff's September 3, 2003 MCAD charge is attached at Tab M to the Complaint and states that the LOPC is the best evidence of its contents. Otherwise, Defendant denies the allegations in the third sentence of Paragraph 16. Defendant admits that James Nagle appeared on behalf of Defendant at the MCAD proceedings, but denies the remaining allegations in the fourth sentence of Paragraph 16. Defendant admits the allegations in the fifth sentence of Paragraph 16. Defendant admits that a document from Defendant's "Attorney Directory" is

5

attached at Tab M to the Complaint and states that that document is the best evidence of its contents.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first or second sentences of Paragraph 17. With respect to the third sentence of Paragraph 17, Defendant admits that a document entitled "Shonnett Sisco Dependent Care Flexible Spending Account Plan Year 2002" is attached at Tab N of the Complaint and states that that document is the best evidence of its contents, but Defendant is without knowledge or information sufficient to state whether the information shown on the document was correct when the document was created. With respect to the fourth sentence of Paragraph 17, Defendant states that Plaintiff's W-2C is the best evidence of its contents and that the W-2C correctly reflects the amount credited to Plaintiff's dependent care account, but Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 17. Defendant admits that Plaintiff originally elected to withhold $4,999.80 from her salary in 2002, but denies the remaining allegations in the fifth sentence of Paragraph 17. Defendant admits that it reimbursed Plaintiff for $4,061.58 in dependent care expenses, but denies the remaining allegations in the sixth sentence of Paragraph 17. Defendant admits that it reimbursed Plaintiff for $407.88 more than was ultimately credited to her dependent care account and that Plaintiff is liable for this difference, but otherwise denies the allegations in the seventh sentence of Paragraph 17. Defendant admits that $407.88 plus $553.62 equals $961.50, but denies that the $553.62 was forfeited and denies that the two amounts should be added together for any purposes relevant to this lawsuit. Defendant denies the allegations in the ninth sentence of Paragraph 17.

6

18.    Defendant admits the allegations in the first two sentences of Paragraph 18. Defendant admits that Plaintiff made allegations about her workers' compensation benefits that were not relevant to her MCAD proceedings and which Defendant did not understand. Defendant further states that Defendant invited her to bring any concerns about her workers' compensation benefits directly to the Firm, which Plaintiff declined to do. Defendant otherwise denies the allegations in Paragraph 18.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth, fifth and eighth sentences of Paragraph 19. Defendant admits that a document entitled "Publication 503 Child and Dependent Care Expenses" is attached at Tab O to the Complaint and states that that document is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 19 because Defendant does not understand the allegations. Defendant denies the allegations in the seventh sentence of Paragraph 19.

### "Conclusion"

20.    Defendant denies the allegations in Paragraph 20.

21.    The allegation in the first sentence of Paragraph 21 contains only legal averments to which Defendant need not reply. With respect to the second sentence of Paragraph 21, Defendant admits that Mr. Nagle wrote a letter to Mr. Gratzer on March 17, 2003 which is the best evidence of its contents, but denies that it was a "second" agreement. Defendant states that the remainder of the allegations in the second sentence contain only legal averments to which Defendant need not reply. Defendant denies the remaining allegations in Paragraph 21.

7

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff has not been damaged in the sums or the manner alleged, or in any sum or

manner, at all.

## FOURTH DEFENSE

Defendant has at all times acted in good faith in attempting to handle properly any

payroll benefits or taxation issues regarding the Plaintiff.

I HEREBY ATTEST AND CERTIFY ON

DEC. 14, 2004, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.

Dated: July 1, 2004

GOODWIN PROCTER LLP

By its attorneys,

Jay Shepherd (BBO# 567844)
Lurleen Manning (BBO# 655109)
Shepherd Law Group, P.C.
99 Summer Street, Suite 910
Boston, MA 02110
Telephone (617) 439-4200
Fax (617) 439-4207

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on _____

LIBB/1263363.1